IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELIZABETH WEBER, | Cause No. CV 24-35-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| ALEX BEAL and LANDEE HOLLOWAY, | |
| Defendants. | |

Plaintiff Elizabeth Weber ("Weber") filed this action on April 12, 2024. (Doc. 2.) Weber was subsequently directed to file a legible amended complaint. (Doc. 7.) Weber failed to timely comply with the Court's order but was given one final opportunity to file an amended complaint. (Doc. 8.) The Court gave Weber until November 5, 2024, to file her amended complaint was advised that a failure to do so would result in dismissal of the action. (*Id*. at 2.) Nonetheless, Weber has failed to file an amended complaint.

**Failure to Prosecute/Comply with Court's Order**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the

1

plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Weber has failed to comply with the Court's two prior orders. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Weber refuses to comply with the Court's orders. Weber's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Weber in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal. *Id*. Weber was provided an adequate amount of time to file an amended complaint, but she failed to comply with the Court's orders. Weber was further advised that her failure to obey the court's order would result in dismissal. *See e.g.,* (Doc. 8 at 2.) Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Weber had adequate warning that dismissal would result from her noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Weber's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## ORDER

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 10th day of December, 2024.

/s/ Brian Morris

Brian Morris, Chief District Judge
United States District Courts